1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

KIM LYNCH, individually and as personal
representative of THE ESTATE OF
MYCHEAL LYNCH, deceased, and
PATRICIA I. NEVINS, individually,

No.

Plaintiffs,

vs.

**COMPLAINT**

**[JURY TRIAL REQUESTED]**

CLARK COUNTY WASHINGTON, a
municipal corporation, CHUCK E.
ATKINS, RIC BISHOP, SHANE
CLEMENHAGEN, JEFFREY DOVE,
CURTIS EGBERT, JEREMIAH FIELDS,
CURT HADER,  DEAN HILLIGAS,
BROCK HOOD, CLARICE JONES,
DAVID MARPLE, ANDREW MARVITZ,
JUSTIN MCNETT, and CYNTHIA
SARDO,

Defendants.

## INTRODUCTION

This is an action brought under 42 USC § 1983 for deprivation of Mycheal Lynch's civil

rights and the civil rights of his parents for his injury and death due to the actions and inaction of

the Clark County Sheriff's Office ("CCSO") while he was a pre-trial detainee at the Clark

County, Washington Jail ("CCJ").   Plaintiffs seek all monetary and punitive damages, to the

fullest extent allowed by law.

COMPLAINT-1

Baumgartner, Nelson &
Wagner, PLLC
112 W 11th St., Ste. 150
Vancouver, WA 98660
Phone: (360) 694-4344
wnelson@bnw-law.com

Green and Ritchie, PLLC
1601 Lincoln Ave.
Vancouver, WA 98660
Phone: (360)-694-8718
jack@greenandritchie.com

Law Offices Of
Gregory D. Ferguson, PC
112 W 11th St., Suite 100
Vancouver, WA 98660
Phone: (360) 906-1167
greg@greg-ferguson.com

On March 20, 2015, Mycheal Lynch's family members called the Vancouver Police Department to report that he had arrived home in his car obviously intoxicated, driving erratically and unable to account for damage to his car. They were concerned with his use of drugs, including methamphetamine, his safety, and risk to others, and hoped that arrest would lead to incentive and assistance with his mental health and drug use. Vancouver Police officers arrested Mycheal Lynch ("Lynch") and he was booked into the CCJ on suspicion of misdemeanor traffic offenses. The police officer accompanying Lynch reported he was very anxious and he was worried that someone at the CCJ was "going to kill" him. Following the booking process, a decision was made to house Mr. Lynch in the CCJ medical unit, separate from the general Jail population, while awaiting a determination of whether a rash on his chest was contagious.

After repeatedly pressing a button in the cell for use in summoning assistance, and despite admonitions to stop doing so, custody officers determined to extract Lynch from his secure medical cell and return him to an isolation cell in the booking area. Although the decision by custody officers to move Lynch was later claimed to have been made for his well-being, it was in fact a disciplinary measure in reprisal for the annoyance caused by his continued use of the call button. Lynch was cooperative when two deputies entered his cell, however when they attempted to apply restraints to him, Lynch panicked and ran from the cell into the secured medical unit dayroom where he slipped and fell to the floor. The two deputies tackled him on the ground before he could get up, and rolled him onto his stomach. Over the span of a minute, another eight (8) deputies rushed in to restrain and pile onto Lynch impeding Lynch's ability to breathe. Within the span of another minute, Lynch's hands and feet were cuffed behind his back, rendering him immobile and subject to the deputies' control. Surveillance video reveals that at

COMPLAINT-2

Baumgartner, Nelson &
Wagner, PLLC
112 W 11th St., Ste. 150
Vancouver, WA 98660
Phone: (360) 694-4344
wnelson@bnw-law.com

Green and Ritchie, PLLC
1601 Lincoln Ave.
Vancouver, WA 98660
Phone: (360)-694-8718
jack@greenandritchie.com

Law Offices Of
Gregory D. Ferguson, PC
112 W 11th St., Suite 100
Vancouver, WA 98660
Phone: (360) 906-1167
greg@greg-ferguson.com

no time during the event had Lynch tried to punch, kick, bite, or otherwise assault the jail deputies.

Despite Lynch being fully restrained in a prone position and complaining he could not breathe, deputies continued to apply their weight on his lower and upper back and neck/head area.   He soon lost bowel and bladder control and ceased moving.   The deputies continued to maintain their collective weight atop Lynch's unresponsive body, applying an unnecessary mesh spit mask as a "precautionary move," while awaiting a Pro-Straint restraint chair [1] ("Pro-Straint chair") to be brought to use for transfer.   Although Lynch was motionless, deputies lifted and strapped his body in the restraint chair, spending additional time to determine if he was feigning unconsciousness before allowing a nurse to check for vital signs.   Once it was determined that his vital signs were absent, more time elapsed as deputies removed Lynch from the chair to the floor to finally attempt CPR.   Several minutes passed before fire aid arrived to continue CPR and initiate Advanced Cardiac Life Support (ACLS), which continued after ambulance attendants arrived.   Eventually during transport to the hospital, the ambulance crew achieved return of cardiovascular function.   Lynch, however, remained comatose and on life support until he was confirmed brain dead, dying three days later.   Organs, including his heart, were donated.   Mycheal Lynch's death was later ruled a "homicide" by the Clark County, WA Medical Examiner ("Medical Examiner").

This civil rights action is brought against all defendants by Kim Lynch as Mycheal Lynch's father and personal representative of his estate, and Lynch's natural mother, Patricia I. Nevins.   Plaintiffs seek damages to compensate for losses arising from Lynch's needless

---

[1] A large metal chair with four point restraints, consisting of a belt to restrain an inmate's legs, thighs, and chest, chain style handcuffs to restrain the inmate's hands behind their back and chain style handcuffs to restrain the inmate's legs and feet.

COMPLAINT-3

Baumgartner, Nelson &
Wagner, PLLC
112 W 11th St., Ste. 150
Vancouver, WA 98660
Phone: (360) 694-4344
wnelson@bnw-law.com

Green and Ritchie, PLLC
1601 Lincoln Ave.
Vancouver, WA 98660
Phone: (360)-694-8718
jack@greenandritchie.com

Law Offices Of
Gregory D. Ferguson, PC
112 W 11th St., Suite 100
Vancouver, WA 98660
Phone: (360) 906-1167
greg@greg-ferguson.com

suffering, injury, and death, together with costs, expenses, and attorneys' fees against all defendants. Plaintiffs also seek punitive damages against the individual defendants for the oppressive and reckless conduct that led to Lynch's death.

## I. JURISDICTION AND VENUE

1.     This action arises under 42 USC § 1983 for deprivation of plaintiffs' civil rights. This court has jurisdiction pursuant to 28 USC §§ 1331 and 1343. The claims asserted arose in Clark County, Washington. Venue is proper pursuant to 28 USC § 1391(b).

## II. PARTIES

2.     Plaintiff KIM LYNCH is the father of Mycheal Lynch, residing in Clark County, Washington, and the duly appointed personal representative of THE ESTATE OF MYCHEAL LYNCH, Deceased.

4.     Plaintiff PATRICIA I. NEVINS is the mother of Mycheal Lynch, residing in Clark County, Washington.

5.     At all times material, defendant CLARK COUNTY WASHINGTON ("County") was a Washington municipal corporation as defined by Washington law, which by and through the Clark County Sheriff's Office ("CCSO"), operated, managed, supervised, and controlled the Clark County Jail ("CCJ") and its employees. Clark County is a public body responsible by law for the acts and omissions of its employees and officials. At all times material, the County was the recipient of federal funds. CCJ is the County agency responsible for administering adult corrections programs operated by the County.

COMPLAINT-4

Baumgartner, Nelson & Wagner, PLLC
112 W 11th St., Ste. 150
Vancouver, WA 98660
Phone: (360) 694-4344
wnelson@bnw-law.com

Green and Ritchie, PLLC
1601 Lincoln Ave.
Vancouver, WA 98660
Phone: (360)-694-8718
jack@greenandritchie.com

Law Offices Of
Gregory D. Ferguson, PC
112 W 11th St., Suite 100
Vancouver, WA 98660
Phone: (360) 906-1167
greg@greg-ferguson.com

6.     At all times material, defendant CHUCK E. ATKINS ("Sheriff Atkins") was the Sheriff of Clark County, acting within the course and scope of his elected office.  Atkins had policy making authority regarding policy and training matters at CCJ.  He is being sued in his individual and official capacity.

7.     At all material times, defendant RIC BISHOP "Chief Bishop" was the Chief Corrections Deputy at the CCJ, acting within the course and scope of his employment.  Chief Bishop's duties and responsibilities included directing, managing, and supervising all programs and other activities at the CCJ.  Chief Bishop had policy making authority regarding policy and training matters material to the operation of the CCJ.  He is being sued in his individual and official capacity.

8.     At all material times, defendant CLARICE JONES ("Sgt. Jones") was employed by the County as a sergeant at the CCJ, whose duties and responsibilities included training and supervising corrections officers, supervising inmate routine, maintaining order, and carrying out policies at the CCJ including the provision of adequate mental and medical care.  At all material times she acted within the course and scope of her employment.  She is being sued in her individual capacity only.

9.     At all material times, defendants SHANE CLEMENHAGEN ("CO Clemenhagen"), JEFFREY DOVE ("CO Dove"), CURTIS EGBERT ("CO Egbert"), JEREMIAH FIELDS ("CO Fields"), CURT HADER ("CO Hader"), DEAN HILLIGAS ("CO Hilligas"), BROCK HOOD ("CO Hood"), DAVID MARPLE ("CO Marple"), ANDREW MARVITZ ("CO Marvitz"), JUSTIN MCNETT ("CO McNett"), and CYNTHIA SARDO ("CO Sardo") were employed by the County as custody officers at the CCJ, whose duties and responsibilities included providing for the custody and care of inmates, including monitoring

COMPLAINT-5

Baumgartner, Nelson & Wagner, PLLC
112 W 11th St., Ste. 150
Vancouver, WA 98660
Phone: (360) 694-4344
wnelson@bnw-law.com

Green and Ritchie, PLLC
1601 Lincoln Ave.
Vancouver, WA 98660
Phone: (360) 694-8718
jack@greenandritchie.com

Law Offices Of
Gregory D. Ferguson, PC
112 W 11th St., Suite 100
Vancouver, WA 98660
Phone: (360) 906-1167
greg@greg-ferguson.com

inmate safety and inmate mental and physical health. Each acted as described herein within the course and scope of her/his employment. They are being sued in their individual capacities only.

### III. FACTS OF THE CASE

**A.      Friday, March 20, 2015**

10.      On Friday, March 20, 2015, at approximately 6:03 p.m., Lynch was booked into the CCJ on suspicion of misdemeanor traffic offenses. During the booking process, the arresting Vancouver Police Officer who transported Lynch to CCJ indicated on the Pre-Book/Probable Cause Sheet that Lynch showed, "observable mental health problems," and specifically wrote Lynch was suffering from "anxiety" and was "afraid someone inside will kill him."

11.      At 6:07 p.m., Lynch was housed in cell B5 for, booking, medical screening, and classification. During the initial medical screening, jail medical staff reported Lynch was unable to hold still for a blood pressure check and observed a rash on Lynch's chest that they could not identify.   Due to the existence of this rash and the need for isolation pending a determination whether it was contagious, medical staff and booking deputies made the decision to house Lynch in the CCJ medical unit.

12.      At 8:15 p.m., Lynch was moved to CCJ medical unit. The medical unit is located on the second floor of CCJ and consists of an outer, open area for treatment, and a sealed, inner confinement area where inmates are housed. This inner area contains a day room with six (6) adjoining cells. The inner and outer areas are separated by a security door controlled by a CO stationed outside.   Lynch was held in Med-5, an 8 foot by 10 foot, one-person cell containing a toilet, a temporary plastic bed, and intermittently monitored by video.

13.      CCJ surveillance video taken from Med-5 shows Lynch clearly distressed and

COMPLAINT-6

Baumgartner, Nelson &
Wagner, PLLC
112 W 11ᵗʰ St., Ste. 150
Vancouver, WA 98660
Phone: (360) 694-4344
wnelson@bnw-law.com

Green and Ritchie, PLLC
1601 Lincoln Ave.
Vancouver, WA 98660
Phone: (360)-694-8718
jack@greenandritchie.com

Law Offices Of
Gregory D. Ferguson, PC
112 W 11th St., Suite 100
Vancouver, WA 98660
Phone: (360) 906-1167
greg@greg-ferguson.com

anxious. He is seen pacing within his cell and waving his arms at the cell video camera in an effort to attract the attention of a deputy. At no point did Lynch attempt to harm himself.

14.     At 8:19:17 p.m., Lynch is seen pressing a button located within his cell. This button is labeled with the words "PRESS for help" ("help button"). Another button entitled "CANCEL" is located above. This help button triggers a light and an audible response in a room located in the outer portion of the medical unit, accessible to deputies and medical staff. While the CCJ deputies claim this button is only to be used for emergencies, it is a common occurrence for inmates housed in the CCJ medical unit to use the help button for non-emergency purposes, such as wanting the TV channel changed or needing more toilet paper. Each individual help button can be silenced by pressing the cancel button in the cell. There is also a master switch located in the outer medical unit where deputies and medical staff can silence all help button calls.

15.     In response to Lynch pressing the help button, CO Sardo entered the medical unit dayroom at 8:19:46 p.m. (as reflected by the video) followed by CO Hader. At 8:19:53 CO Sardo approached the door of cell Med-5. According to witnesses, Lynch told CO Sardo that he was afraid someone in the jail "was going to kill him." CO Sardo commanded Lynch to shut the call button off. Lynch complied with CO Sardo's command and deactivated the call button within his cell.

16.     Jail video shows Lynch again pressing the help button at 8:20:57 p.m. At 8:22:20 p.m. CO Sardo returned to the medical unit dayroom and approached the cell door of Med-5. Lynch again told CO Sardo that he thought someone in the jail was going to kill him. Rather than counsel Lynch about the supposed proper use of the help button, refer mental health services, or otherwise employ efforts to deescalate the situation in light of Lynch's obvious

COMPLAINT-7

Baumgartner, Nelson &
Wagner, PLLC
112 W 11th St., Ste. 150
Vancouver, WA 98660
Phone: (360) 694-4344
wnelson@bnw-law.com

Green and Ritchie, PLLC
1601 Lincoln Ave.
Vancouver, WA 98660
Phone: (360)-694-8718
jack@greenandritchie.com

Law Offices Of
Gregory D. Ferguson, PC
112 W 11th St., Suite 100
Vancouver, WA 98660
Phone: (360) 906-1167
greg@greg-ferguson.com

mental distress, Sardo did just the opposite.  CO Sardo instead told Lynch,  "If you press that button one more time, someone will come in and kill you.  Do you understand me?"  The video shows Lynch immediately reacting by putting his hands in the air and backing away from the window of his cell.  CO Sardo made no attempt to enter the cell to silence the help button.

17.   The video further reveals that between 8:23:00 p.m. and 8:37:00 p.m., Lynch pressed the help button several more times.   CO Sardo, irritated by Lynch's behavior, directed CO Marple to extract Lynch from Med-5, without authorization from medical personnel, and take him back down to booking cell B-6, a temporary housing cell on the first floor used for inmates during the booking process.  When asked whether CO Sardo made clear to him why Lynch was being moved, CO Marple stated, "Oh yeah.  He wouldn't stop pressing the help button."

18.   CO Marple asked CO Hader if he could "give him some help" in the medical unit but failed to inform CO Hader of Lynch's evident mental distress and anxiety or the reason for moving Lynch out of the safety the medical unit.  Neither CO Sardo, CO Marple, nor CO Hader formulated a tactical plan to engage, extract, and relocate Lynch, nor determine and enlist sufficient assistance for the safety of officers and inmate.  At 8:37:53 p.m., CO Marple, carrying a waist restraint belt, handcuffs, and leg restraints, opened the cell door to Med-5.  CO Marple commanded Lynch to go to the back of his cell and place his hands on the wall.  Lynch complied, moving to the back of his cell, turning his back to Marple and placing his hands on the cell wall as directed.  CO Marple entered the cell with CO Hader following him.  CO Sardo waited at the end of the medical unit dayroom, roughly twenty (20) feet away, holding the dayroom door.

19.   As CO Marple attempted to place a waist restraint around Lynch's abdomen, Lynch tensed up, briefly moving his hands to the waist restraint then returning his hands to the

Baumgartner, Nelson & Wagner, PLLC
112 W 11th St., Ste. 150
Vancouver, WA 98660
Phone: (360) 694-4344
wnelson@bnw-law.com

Green and Ritchie, PLLC
1601 Lincoln Ave.
Vancouver, WA 98660
Phone: (360)-694-8718
jack@greenandritchie.com

Law Offices Of
Gregory D. Ferguson, PC
112 W 11th St., Suite 100
Vancouver, WA 98660
Phone: (360) 906-1167
greg@greg-ferguson.com

cell wall.  CO Marple crouched down and pushed his shoulder into Lynch's lower back in an attempt to pin him against the cell wall.  CO Hader moved in grabbing Lynch's left arm attempting to twist it behind Lynch's back, spinning Lynch into CO Marple.  CO Hader then lost his hold on Lynch's arm.  Lynch panicked and reacted by rotating away from the deputies and running out of his cell into the dayroom.  Lynch took two strides beyond the cell opening before he slipped and fell to the floor catching himself on one elbow.  Seeing that Lynch had left his cell, CO Sardo shut the main exit door securing the dayroom.  An alert was sounded for officer assistance.

20.     CO Hader immediately tackled Lynch around the shoulders and then moved to restrain his legs.  CO Marple grabbed Lynch around his upper torso and both deputies rolled Lynch over into a face down position.  CO Marvitz ran into the dayroom and seized Lynch's left upper torso and back, pinning his chest to the floor.  CO Marple then took a spread eagle position with his weight directly on Lynch's back while CO Hader twisted Lynch's legs into a figure-four leg lock attempting to fasten leg cuffs to Lynch's ankles.

21.     Within seconds three (3) more deputies arrived to assist in immobilizing Lynch.  CO Egbert ran into the dayroom and grabbed Lynch's right leg.  CO Dove then arrived, grabbing Lynch's right arm to handcuff Lynch's hands behind his back.  CO McNett entered and took a position to the right of Lynch's head, using his knees to pin Lynch's neck and right shoulder to the floor.  CO McNett drove the left side of Lynch's head into the tile floor with both hands, the impact opening two deep cuts on Lynch's forehead.  Blood began to spread in a pool on the floor, yet no medical alert was initiated.  CO Hilligas arrived and stood on Lynch's bare left ankle while CO Fields stood on Lynch's bare right foot and toes.  As deputies continued to pile onto Lynch, while holding him face down, Sgt. Jones entered the dayroom to observe and supervise

Baumgartner, Nelson & Wagner, PLLC
112 W 11th St., Ste. 150
Vancouver, WA 98660
Phone: (360) 694-4344
wnelson@bnw-law.com

Green and Ritchie, PLLC
1601 Lincoln Ave.
Vancouver, WA 98660
Phone: (360)-694-8718
jack@greenandritchie.com

Law Offices Of
Gregory D. Ferguson, PC
112 W 11th St, Suite 100
Vancouver, WA 98660
Phone: (360) 906-1167
greg@greg-ferguson.com

the event.

22.    Video further shows that CO Hood entered the dayroom at 8:40:00 joining the fray. Within the next fifteen (15) seconds, Lynch was successfully immobilized and lying prone with both his hands and feet cuffed behind his back. Nevertheless, over the next five-and-a-half minutes as many as eight (8) deputies continued to apply pressure, force, and weight to Lynch's head, neck, torso, back, hands, arms, legs, ankles and feet. CO Hood assumed a position on top of Lynch, forcibly driving his knee into the middle of Lynch's back. CO Hood then delivered a number of aggressive and wholly unnecessary "knee-drops" onto Lynch's mid-back with his full body weight.

23.    During the time Lynch was being restrained by numerous deputies, several witnesses heard Lynch say, "I can't breathe!" Despite Lynch being fully restrained, eliminating any meaningful risk of harm to the COs, and notwithstanding Lynch announcing that he could not breathe, the deputies remained on top of him. Lynch soon expelled feces and urine, lost consciousness, and went into cardiac arrest.

24.    Despite his evident loss of consciousness, the defendant deputies failed to attend to Lynch's urgent medical and respiratory needs, provide first aid, or call for CCJ medical staff to assess Lynch's condition. Instead, Sgt. Jones ordered that Lynch be placed in a Pro-Straint chair, even though he was already immobilized by wrist and leg restraints, non-resistant, bleeding, and wholly unresponsive. Additionally, CO Clemenhagen pulled a mesh spit mask over Lynch's bloody head, for no apparent reason.

25.    Several COs lifted Lynch into the Pro-Straint chair and began strapping him in even though his body was not moving. In fact, as soon as deputies let go of Lynch's head, it flopped backwards, coming to rest on the back of the chair. CO Marple shined a flashlight

COMPLAINT-10

Baumgartner, Nelson &
Wagner, PLLC
112 W 11th St., Ste. 150
Vancouver, WA 98660
Phone: (360) 694-4344
wnelson@bnw-law.com

Green and Ritchie, PLLC
1601 Lincoln Ave.
Vancouver, WA 98660
Phone: (360)-694-8718
jack@greenandritchie.com

Law Offices Of
Gregory D. Ferguson, PC
112 W 11th St., Suite 100
Vancouver, WA 98660
Phone: (360) 906-1167
greg@greg-ferguson.com

through the spit mask. CO Hood lifted the spit mask briefly to administer "smelling salts," and seeing no reaction, pulled the spit mask back down over Lynch's face. CCJ medical staff then administered several sternum rubs to determine if the unresponsive Lynch was feigning injury. Three (3) minutes later, CCJ medical checked Lynch for vital signs but were unable to detect a pulse. Another two-and-a-half (2 ½) minutes elapsed before deputies removed Lynch from the chair and began attempting resuscitation.

26.     Jail video reflects that Vancouver, WA Fire Department personnel arrived at the medical unit at 8:53.05 p.m. and took over chest compression efforts. An AMR ambulance crew arrived at 9:08 p.m., and Lynch's body was placed on their gurney where resuscitation efforts could more effectively be administered and transport begun. At approximately 9:17:00 p.m., en route to Southwest Washington Medical Center ("SWWMC"), emergency responders were able to restore return of spontaneous circulation, but Lynch never regained consciousness.

27.     On March 23, 2015, at SWWMC, 32 year-old Mycheal Lynch, was declared brain dead. The Clark County Medical Examiner ruled that Lynch's death was a homicide. The Medical Examiner determined cause of death was anoxic encephalopathy. Following an external investigation and an internal review by the County, none of the involved law custody officers were charged criminally nor subject to any form of discipline, and the acts of all were later publicly ratified as lawful by County law enforcement officials.

28.     On the evening of March 20, 2015, as described above, Sgt. Jones, CO Clemenhagen, CO Dove, CO Egbert, CO Fields, CO Hader, CO Hilligas, CO Hood, CO Marple, CO Marvitz, CO McNett, and CO Sardo engaged in forceful conduct which was not rationally related to and/or excessive in relation to, any legitimate governmental interest, was objectively unreasonable, and/or deliberately indifferent to Lynch's interests and evident serious medical and

COMPLAINT-11

Baumgartner, Nelson & Wagner, PLLC
112 W 11th St., Ste. 150
Vancouver, WA 98660
Phone: (360) 694-4344
wnelson@bnw-law.com

Green and Ritchie, PLLC
1601 Lincoln Ave.
Vancouver, WA 98660
Phone: (360)-694-8718
jack@greenandritchie.com

Law Offices Of
Gregory D. Ferguson, PC
112 W 11th St., Suite 100
Vancouver, WA 98660
Phone: (360) 906-1167
greg@greg-ferguson.com

mental health needs, and contributed to his suffering and death in one or more of the following particulars:

> a. By failing to obtain a qualified medical assessment and order to discharge Lynch from the medical unit;
>
> b. By attempting to relocate Lynch to solitary confinement solely due to custody officer annoyance and/or as a means to deal with his evident mental and physical inability to comply with custody officer orders and direction;
>
> c. By failing to obtain the assistance of a qualified mental health professional in dealing with Lynch's evident mental and physical impairment;
>
> d. By failing to develop a plan to safely extract and transfer Lynch who was exhibiting severe anxiety, excitability and potential volatility, including involving sufficient custodial personnel and the ready availability of medical assistance;
>
> e. By attempting to undertake a two-person cell extraction and transfer of an inmate exhibiting severe anxiety, excitability and potential volatility, entering a confined cell space rather than having Lynch approach and submit to restraint where he could not escape the cell, and then reacting with unnecessary, violent, life threatening forceful restraint rather than a reasoned reaction to the circumstance they had created.
>
> f. By using their knees to place their weight on Lynch's back, inhibiting movement of his diaphragm and rib cage;
>
> g. By using their knees to place their weight on Lynch's shoulders, neck, and upper back inhibiting his ability to breathe and/or placing pressure on his carotid artery and/or trachea;

COMPLAINT-12

Baumgartner, Nelson & Wagner, PLLC
112 W 11th St., Ste. 150
Vancouver, WA 98660
Phone: (360) 694-4344
wnelson@bnw-law.com

Green and Ritchie, PLLC
1601 Lincoln Ave.
Vancouver, WA 98660
Phone: (360)-694-8718
jack@greenandritchie.com

Law Offices Of
Gregory D. Ferguson, PC
112 W 11th St., Suite 100
Vancouver, WA 98660
Phone: (360) 906-1167
greg@greg-ferguson.com

h. By restraining Lynch in a figure-four leg lock restraint, unreasonably impairing Lynch's ability to inhale and exhale;

i. By acting with deliberate indifference to the risk of a cardiovascular event from Lynch's likely depleted oxygen reserves from the demands a continuous anxious and excited state with a high likelihood of methamphetamine intoxication, in initiating and sustaining an unnecessary restraint struggle which interfered with Lynch's respiration in a prone position, and extending beyond the application of restraints which rendered him no threat to himself or others;

j. In view of the facts in paragraph "i." above, by acting with deliberate indifference to the risks that Lynch was having or would have a cardiovascular event, failing to determine if he had a pulse or respiration, much less obtain an immediate medical assessment of Lynch's cardiovascular function, before expending the further time and force to lift, place, and strap Lynch in the Pro-Straint chair solely for the purpose of transfer, thus losing precious minutes before he could be placed supine on the floor so resuscitation could begin, thus causing or increasing damage to his central nervous system;

k. By failing to monitor Lynch's airway, breathing, and circulation, while he was being restrained in a prone position;

l. By failing to heed Lynch's declarations of an inability to breathe;

m. By failing to involve medical staff in Lynch's restraint;

29. On the evening of March 20, 2015, Sgt. Jones conduct was not rationally related to and/or was excessive in relation to any legitimate governmental interest, was objectively

COMPLAINT-13

Baumgartner, Nelson &
Wagner, PLLC
112 W 11th St., Ste. 150
Vancouver, WA 98660
Phone: (360) 694-4344
wnelson@bnw-law.com

Green and Ritchie, PLLC
1601 Lincoln Ave.
Vancouver, WA 98660
Phone: (360)-694-8718
jack@greenandritchie.com

Law Offices Of
Gregory D. Ferguson, PC
112 W 11th St., Suite 100
Vancouver, WA 98660
Phone: (360) 906-1167
greg@greg-ferguson.com

unreasonable, and/or was deliberately indifferent to Lynch's interests and evident serious medical and mental health needs, and contributed to his suffering and death in one or more of the following particulars:

    a.  By failing to obtain a qualified medical assessment and order to discharge Lynch from the medical unit;

    b.  By ordering the relocation of Lynch to solitary confinement solely due to custody officer annoyance and/or as a means to deal with his evident mental and physical inability to comply with custody officer orders and direction;

    c.  By failing to obtain the assistance of a qualified mental health professional in dealing with Lynch's evident mental and physical impairment;

    d.  By failing to develop and order a plan to safely extract and transfer Lynch who was exhibiting severe anxiety, excitability and potential volatility, including involving sufficient custodial personnel and the ready availability of medical assistance;

    e.  By ordering and not supervising a two-person cell extraction and transfer of an inmate exhibiting severe anxiety, excitability, and potential volatility, allowing officers to enter a confined cell space rather than having Lynch approach and submit to restraint where he could not escape the cell, and then permitting an unnecessary, violent, life threatening forceful restraint rather than directing a reasoned reaction to the circumstance that occurred;

    f.  By permitting custody officers to use their knees to place their weight on Lynch's back, and inhibiting movement of his diaphragm and rib cage;

    g.  By permitting custody officers to use their knees to place their weight on

Baumgartner, Nelson &
Wagner, PLLC
112 W 11th St., Ste. 150
Vancouver, WA 98660
Phone: (360) 694-4344
wnelson@bnw-law.com

Green and Ritchie, PLLC
1601 Lincoln Ave.
Vancouver, WA 98660
Phone: (360)-694-8718
jack@greenandritchie.com

Law Offices Of
Gregory D. Ferguson, PC
112 W 11th St., Suite 100
Vancouver, WA 98660
Phone: (360) 906-1167
greg@greg-ferguson.com

Lynch's shoulders, neck, and upper back inhibiting his ability to breathe and/or placing pressure on his carotid artery and/or trachea;

h.  By permitting custody officers to restrain Lynch in a figure-four leg lock restraint, unreasonably impairing Lynch's ability to inhale and exhale;

i.  By acting and permitting custody officers to act with deliberate indifference to the risk of a cardiovascular event from Lynch's likely depleted oxygen reserves from the demands of a continuous anxious and excited state with a high likelihood of methamphetamine intoxication, in permitting them to initiate and sustain an unnecessary restraint struggle which interfered with Lynch's respiration in a prone position, and allowing it to extend beyond the application of restraints which rendered him no threat to himself or others;

j.  In view of the facts contained in paragraph  "i." above, by acting with deliberate indifference to the risks that Lynch was having or would have a cardiovascular event, failing to determine if he had a pulse or respiration, much less obtain an immediate medical assessment of Lynch's cardiovascular function, before permitting the further time and force to lift, place, and strap Lynch in the Pro-Straint chair solely for the purpose of transfer, and thus losing precious minutes before he could be placed supine on the floor so resuscitation could begin, thus causing or increasing damage to his central nervous system;

k.  By failing to order officers to roll Lynch, once restrained with handcuffs and leg restraints, on to his back or side, so that his breathing could resume or continue unimpaired;

l.  By failing to order that  Lynch's airway, breathing, and circulation be

COMPLAINT-15

Baumgartner, Nelson &
Wagner, PLLC
112 W 11ᵗʰ St., Ste. 150
Vancouver, WA 98660
Phone: (360) 694-4344
wnelson@bnw-law.com

Green and Ritchie, PLLC
1601 Lincoln Ave.
Vancouver, WA 98660
Phone: (360)-694-8718
jack@greenandritchie.com

Law Offices Of
Gregory D. Ferguson, PC
112 W 11th St., Suite 100
Vancouver, WA 98660
Phone: (360) 906-1167
greg@greg-ferguson.com

monitored while he was being restrained in a prone position;

m. By failing to order that Lynch's declarations of an inability to breathe be heeded and relieved.

**B.    The Policies, Practices, and Customs of Clark County and Its Officials That at Least in Part Caused Lynch's Death**

30. Prior to March 20, 2015, Clark County, Sheriff Atkins, Chief Bishop, and other Clark County officials knew the critical importance of providing mental health screening and mental health services to pre-trial detainees in custody. Nevertheless, these defendants failed to implement and employ effective policies and failed to provide the necessary and appropriate training to address the foreseeable medical and mental health needs of inmates.

31. As of March 20, 2015, Clark County had customs, policies, or official practices that allowed, encouraged, and directed CCJ custody officers to impose punitive disciplinary sanctions on inmates in distress or suffering from mental illness. Such customs, policies and practices were the moving force behind its custody officers' violating the civil rights of CCJ inmates, and allowed, encouraged, and directed its custody officers to impose unwarranted and unlawful punitive measures upon inmates housed at the CCJ.

32. Prior to March 20, 2015, Clark County, Sheriff Atkins, Chief Bishop, and other Clark County officials knew the critical importance of providing adequate and necessary training in crisis intervention to enable custody officers to appropriately respond to inmates experiencing a medical or mental health crisis involving intensified psychological, emotional, and/or mental distress precipitated by situational stress, drug abuse, or acute episodes of preexisting mental illness. Nevertheless, these defendants failed to provide such training and were willfully indifferent regarding the known, foreseeable, and well-established risk that custody officers

Baumgartner, Nelson & Wagner, PLLC
112 W 11th St., Ste. 150
Vancouver, WA 98660
Phone: (360) 694-4344
wnelson@bnw-law.com

Green and Ritchie, PLLC
1601 Lincoln Ave.
Vancouver, WA 98660
Phone: (360)-694-8718
jack@greenandritchie.com

Law Offices Of
Gregory D. Ferguson, PC
112 W 11th St., Suite 100
Vancouver, WA 98660
Phone: (360) 906-1167
greg@greg-ferguson.com

would unreasonably escalate interactions, causing serious physical injury or death to inmates suffering from permanent or temporary mental disabilities and conditions, actual or perceived. The aforementioned failures, acts, and omissions by the above defendants demonstrated an official custom and practice and was the moving force behind its custody officers' violating the civil rights of CCJ inmates, including Mycheal Lynch.

33. Prior to March 20, 2015, Clark County, Sheriff Atkins, Chief Bishop, and other Clark County officials knew the critical importance of minimizing risk of excessive force in cell extractions, including but not limited to the need for proper supervision, tactical planning, availability and use of proper equipment, and qualified medical and mental health staff. Nevertheless, these defendants did not provide the appropriate training noted above in connection with cell extractions, and as such, were deliberately indifferent to the well-established risk that custody officers would cause serious physical injury or death to inmates. The aforementioned failures, acts, and omissions by the above defendants amounted to an official custom and practice and was the moving force behind its custody officers' violating the civil rights of CCJ inmates, including Mycheal Lynch.

34. As of March 20, 2015, Clark County, Sheriff Atkins, and Chief Bishop had written policies that failed to identify and regulate, as means of use of force or deadly force, restraining an inmate in a prone position with wrist and leg restraints secured, with officers' weight forcibly applied to the inmate's neck, shoulder, back and/or abdomen. Custody officers were allowed, encouraged, and directed to restrain inmates in such a manner, even without an objectively reasonable belief that the inmate presented an immediate threat of serious injury, harm or death to said officers. Similarly, Clark County and the CCSO provided training that allowed, encouraged, and directed such conduct. The aforementioned failures, acts, and omissions by the

COMPLAINT-17

Baumgartner, Nelson & Wagner, PLLC
112 W 11th St., Ste. 150
Vancouver, WA 98660
Phone: (360) 694-4344
wnelson@bnw-law.com

Green and Ritchie, PLLC
1601 Lincoln Ave.
Vancouver, WA 98660
Phone: (360)-694-8718
jack@greenandritchie.com

Law Offices Of
Gregory D. Ferguson, PC
112 W 11th St., Suite 100
Vancouver, WA 98660
Phone: (360) 906-1167
greg@greg-ferguson.com

above defendants amounted to an official custom and practice and was the moving force behind its custody officers' violating the civil rights of CCJ inmates, including Mycheal Lynch.

35. Prior to March 20, 2015 Clark County, Sheriff Atkins, Chief Bishop, and other Clark County officials knew the critical importance of providing adequate and necessary training regarding restraint, weight, positional, and mechanical asphyxiation for its custody officers to enable them to restrain inmates with less than deadly force. Nevertheless, these defendants did not provide such training, and as such were deliberately indifferent regarding the known or foreseeable risk that its custody officers would asphyxiate inmates while restraining them. The aforementioned failures, acts, and omissions by the above defendants amounted to an official custom and practice and was the moving force behind its custody officers' violating the civil rights of CCJ inmates, including Mycheal Lynch.

36. Prior to March 20, 2015, Clark County, Sheriff Atkins, Chief Bishop, and other Clark County officials knew the critical importance of providing adequate and necessary training regarding first aid to enable custody officers to appropriately respond to inmates experiencing a serious or life-threatening medical condition. Nevertheless, these defendants did not provide such training and were willfully indifferent regarding the known or foreseeable risk associated with that failing to provide first aid, and that custody officers would cause serious physical injury or death to inmates already suffering a medical emergency. The aforementioned failures, acts, and omissions by the above defendants amounted to an official custom and practice and was the moving force behind its custody officers' violating the civil rights of CCJ inmates, including Mycheal Lynch.

37. Clark County, Sheriff Atkins, and Chief Bishop have ratified the conduct of Sgt. Jones, CO Clemenhagen, CO Dove, CO Egbert, CO Fields, CO Hader, CO Hilligas, CO Hood,

Baumgartner, Nelson & Wagner, PLLC
112 W 11th St., Ste. 150
Vancouver, WA 98660
Phone: (360) 694-4344
wnelson@bnw-law.com

Green and Ritchie, PLLC
1601 Lincoln Ave.
Vancouver, WA 98660
Phone: (360)-694-8718
jack@greenandritchie.com

Law Offices Of
Gregory D. Ferguson, PC
112 W 11th St., Suite 100
Vancouver, WA 98660
Phone: (360) 906-1167
greg@greg-ferguson.com

CO Marple, CO Marvitz, CO McNett, and CO Sardo related to Lynch's pre-death injury, pain, suffering, and homicide, as evidenced by their failure and refusal to discipline the conduct or take any other necessary and appropriate remedial action in response to their conduct. The aforementioned ratification was carried out in relation to an official custom and practice and was a moving force behind its custody officers' violating the civil rights of CCJ inmates, including Mycheal Lynch.

38.   Clark County, Sheriff Atkins, Chief Bishop have ratified the respective conduct of their employees and those they supervise, demonstrating a deliberate indifference to Lynch's medical and mental health needs, as evidenced by CCJ's policy and/or longstanding practice and custom of deliberate indifference to the serious medical and mental health needs of inmates.

39.   On February 10, 2012, Marius Asanachescu, a pre-trial detainee in the CCJ who suffered from mental illness, died as the result of mechanical asphyxiation during restraint efforts by custody officers. Although none of the officers involved in the death of Asanachescu were involved in the death of Lynch, the circumstances are similar to those alleged herein as to Lynch's death, in that the restraint effort lacked the planning and organization necessary to the safe restraint of an inmate in cell, and in particular dealing with the reduced oxygen reserves due to fatigue, prolonged excitement, and activity, creating an increased risk of cardiovascular collapse in disorganized force and struggle by multiple officers. A lawsuit was commenced in this Court, entitled *Asanachescu, et al., v. Clark County, et al.,* Civil Action No. 3:13-cv-05222-BHS, and was subsequently settled one year before the death of Lynch. Nevertheless, as in the death of Lynch, none of the officers involved in the death of Marius Asanachescu were disciplined or reprimanded. Moreover, just as in the death of Lynch, County officials publicly announced the actions of the officers were approved and ratified. This is evidence and proof that

COMPLAINT-19

Baumgartner, Nelson &
Wagner, PLLC
112 W 11th St., Ste. 150
Vancouver, WA 98660
Phone: (360) 694-4344
wnelson@bnw-law.com

Green and Ritchie, PLLC
1601 Lincoln Ave.
Vancouver, WA 98660
Phone: (360)-694-8718
jack@greenandritchie.com

Law Offices Of
Gregory D. Ferguson, PC
112 W 11th St., Suite 100
Vancouver, WA 98660
Phone: (360) 906-1167
greg@greg-ferguson.com

a policy and custom involving the use of force continues to be maintained and ratified by the County and further evidence of the failure of County officials to implement and provide the proper training following the death of Asanachescu that would have prevented the death of Lynch.

40.    At least in part, one or more policies, customs or official practices, and acts or omissions of Clark County, and its respective officials, as described above, were a cause of Lynch's death.

## IV.  CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF - Section 1983

### 14th Amendment - Excessive Force

41.    The Fourteenth Amendment to the United States Constitution protects pre-trial detainees from the application of excessive force.

42.    In addition, parents have a constitutionally protected interest under the Fourteenth Amendment to the United States Constitution in the companionship and society of their children.

43.    These rights are long-standing and were clearly established at all times relevant hereto.

44.    Defendants Sgt. Jones, CO Clemenhagen, CO Dove, CO Egbert, CO Fields, CO Hader, CO Hilligas, CO Hood, CO Marple, CO Marvitz, CO McNett, and CO Sardo violated plaintiff's constitutional rights by:

      a.    Applying deadly, or potentially deadly, physical force in restraining Mr. Lynch as described herein, and

      b.    Subjecting Mr. Lynch to excessive, brutal, and deadly physical force.

COMPLAINT-20

Baumgartner, Nelson & Wagner, PLLC
112 W 11th St., Ste. 150
Vancouver, WA 98660
Phone: (360) 694-4344
wnelson@bnw-law.com

Green and Ritchie, PLLC
1601 Lincoln Ave.
Vancouver, WA 98660
Phone: (360)-694-8718
jack@greenandritchie.com

Law Offices Of
Gregory D. Ferguson, PC
112 W 11th St., Suite 100
Vancouver, WA 98660
Phone: (360) 906-1167
greg@greg-ferguson.com

45.     As described above, defendants' conduct was objectively unreasonable under the circumstances, oppressive and in reckless disregard of plaintiffs' well-established constitutional rights.

46.     As described above and at least in part, one or more of the official policies, practices and/or customs of Clark County and its respective officials, including Sheriff Atkins and Chief Bishop, caused or otherwise makes them liable for violating Mr. Lynch's right to be free from excessive force under the Fourteenth Amendment to the United States Constitution.

47.     The ratification of the conduct of their employees and those they supervised, as described above, renders Clark County, Sheriff Atkins, and Chief Bishop liable for violation of the Fourteenth Amendment described herein.

48.     As a direct and proximate result of the above, Mr. Lynch suffered and endured severe emotional distress, and conscious, severe, physical and mental pain and suffering before he died, and his estate incurred funeral expenses and special damages from his death, for which his estate is entitled to compensatory damages against Clark County, Sheriff Atkins, and Chief Bishop, Sgt. Jones, CO Clemenhagen, CO Dove, CO Egbert, CO Fields, CO Hader, CO Hilligas, CO Hood, CO Marple, CO Marvitz, CO McNett, and CO Sardo in amounts to be determined at trial.

49.     As a direct and proximate result of the above, Kim Lynch and Patricia Nevins were deprived of the right of society and companionship of their son, for which they are entitled to compensatory damages against Clark County, Sheriff Atkins, Deputy Bishop, Sgt. Jones, CO Clemenhagen, CO Dove, CO Egbert, CO Fields, Co Hader, CO Hilligas, CO Hood, CO Marple, CO Marvitz, CO McNett, and CO Sardo, in amounts to be determined at trial.

50.     As a result of the above, plaintiffs are entitled to an award of punitive damages

COMPLAINT-21

Baumgartner, Nelson &
Wagner, PLLC
112 W 11th St., Ste. 150
Vancouver, WA 98660
Phone: (360) 694-4344
wnelson@bnw-law.com

Green and Ritchie, PLLC
1601 Lincoln Ave.
Vancouver, WA 98660
Phone: (360)-694-8718
jack@greenandritchie.com

Law Offices Of
Gregory D. Ferguson, PC
112 W 11th St., Suite 100
Vancouver, WA 98660
Phone: (360) 906-1167
greg@greg-ferguson.com

against Clark County, Sheriff Atkins, Deputy Bishop, Sgt. Jones, CO Clemenhagen, CO Dove, CO Egbert, CO Fields, CO Hader, CO Hilligas, CO Hood, CO Marple, CO Marvitz, CO McNett, and CO Sardo, in amounts to be determined at trial.

51.     Pursuant to 42 USC § 1988, plaintiffs are entitled to an award of costs, attorney fees and expenses against all defendants named in this claim.

## SECOND CLAIM FOR RELIEF Section 1983

## 14th Amendment - Unreasonable Denial of Medical Care

52.     Under the Fourteenth Amendment to the United States Constitution, a pretrial detainee may not be unreasonably denied medical care while in custody.

53.     In addition, parents have a constitutionally protected interest under the Fourteenth Amendment to the United States Constitution in the companionship and society of their children.

54.     These rights are long-standing and were clearly established at all times relevant hereto.

55.     As described above, defendants Sgt. Jones, CO Clemenhagen, CO Dove, CO Egbert, CO Fields,  Co Hader,  CO Hilligas, CO Hood, CO Marple, CO Marvitz, CO McNett, and CO Sardo unreasonably denied Mr. Lynch medical care to which he was entitled under the Fourteenth Amendment to the United States Constitution.

56.     As described above,  Sgt. Jones, CO Clemenhagen, CO Dove, CO Egbert, CO Fields, Co Hader, CO Hilligas, CO Hood, CO Marple, CO Marvitz, CO McNett, and CO Sardo were deliberately indifferent to Lynch's serious medical needs and caused his death in violation of the Fourteenth Amendment to the United States Constitution.

57.     As described above, defendants' conduct was objectively unreasonable under the

Baumgartner, Nelson & Wagner, PLLC
112 W 11th St., Ste. 150
Vancouver, WA 98660
Phone: (360) 694-4344
wnelson@bnw-law.com

Green and Ritchie, PLLC
1601 Lincoln Ave.
Vancouver, WA 98660
Phone: (360)-694-8718
jack@greenandritchie.com

Law Offices Of
Gregory D. Ferguson, PC
112 W 11th St., Suite 100
Vancouver, WA 98660
Phone: (360) 906-1167
greg@greg-ferguson.com

circumstances, and oppressive and in reckless disregard of plaintiffs' well-established constitutional rights.

58.    As described above and at least in part, one or more of the official policies, practices and/or customs of Clark County and its respective officials, including Sheriff Atkins and Chief Bishop, were the cause of the objectively unreasonable conduct and/or deliberate indifference to Lynch's medical needs and ultimately, a cause of his death, in violation of the Fourteenth Amendment to the United States Constitution.

59.    The ratification of the conduct of their employees and those they supervised, as described above, renders Clark County, Sheriff Atkins, and Chief Bishop liable for violation of the Fourteenth Amendment as described herein.

60.    As a direct and proximate result of the above, Lynch suffered and endured severe emotional distress, and conscious, severe, physical and mental pain and suffering before he died, and his estate incurred funeral expenses and special damages from his death, for which his estate is entitled to compensatory damages against Clark County, Sheriff Atkins, Chief Bishop, Sgt. Jones, CO Clemenhagen, CO Dove, CO Egbert, CO Fields,  CO Hader,  CO Hilligas, CO Hood, CO Marple, CO Marvitz, CO McNett, and CO Sardo in amounts to be determined at trial.

61.    As a direct and proximate result of the above, Kim Lynch and Patricia Nevins were deprived of the right of society and companionship of their son, for which they are entitled to compensatory damages against Clark County, Sheriff Atkins, Chief Bishop, Sgt. Jones, CO Clemenhagen, CO Dove, CO Egbert, CO Fields, CO Hader, CO Hilligas, CO Hood, CO Marple, CO Marvitz, CO McNett, and CO Sardo, in amounts to be determined at trial.

62.    As a result of the above, plaintiff is entitled to an award of punitive damages against defendants Clark County, Sheriff Atkins, Chief Bishop, Sgt. Jones, CO Clemenhagen,

COMPLAINT-23

Baumgartner, Nelson &
Wagner, PLLC
112 W 11th St., Ste. 150
Vancouver, WA 98660
Phone: (360) 694-4344
wnelson@bnw-law.com

Green and Ritchie, PLLC
1601 Lincoln Ave.
Vancouver, WA 98660
Phone: (360)-694-8718
jack@greenandritchie.com

Law Offices Of
Gregory D. Ferguson, PC
112 W 11th St., Suite 100
Vancouver, WA 98660
Phone: (360) 906-1167
greg@greg-ferguson.com

CO Dove, CO Egbert, CO Fields, CO Hader, CO Hilligas, CO Hood, CO Marple, CO Marvitz, CO McNett, and CO Sardo in amounts to be determined at trial.

63.     Pursuant to 42 USC § 1988, plaintiffs are entitled to an award of costs, attorney fees and expenses against all defendants named herein.

### THIRD CLAIM FOR RELIEF - Section 1983
### 14th Amendment - Punishment of Detainee

64.     Under the Fourteenth Amendment to the United States Constitution, a pretrial detainee has the right to be free from punishment without due process of law while in custody.

65.     This right is long-standing and was clearly established at all times relevant hereto.

66.     In addition, parents have a constitutionally protected interest under the Fourteenth Amendment to the United States Constitution in the companionship and society of their children.

67.     As described above, defendants Sgt. Jones, CO Clemenhagen, CO Dove, CO Egbert, CO Fields, CO Hader, CO Hilligas, CO Hood, CO Marple, CO Marvitz, CO McNett, and CO Sardo demonstrated objectively unreasonable conduct and deliberate indifference to Lynch's serious medical needs and ultimately caused his death, in violation of the Fourteenth Amendment to the United States Constitution.

68.     As described above, Sgt. Jones, CO Clemenhagen, CO Dove, CO Egbert, CO Fields, CO Hader, CO Hilligas, CO Hood, CO Marple, CO Marvitz, CO McNett, and CO Sardo violated Lynch's Fourteenth Amendment rights because their conduct was objectively unreasonable and/or arbitrary in failing and/or refusing to provide him with treatment for his serious medical needs and ultimately caused his death.

69.     As described above, defendants Sgt. Jones, CO Clemenhagen, CO Dove, CO

COMPLAINT-24

Baumgartner, Nelson &
Wagner, PLLC
112 W 11th St., Ste. 150
Vancouver, WA 98660
Phone: (360) 694-4344
wnelson@bnw-law.com

Green and Ritchie, PLLC
1601 Lincoln Ave.
Vancouver, WA 98660
Phone: (360)-694-8718
jack@greenandritchie.com

Law Offices Of
Gregory D. Ferguson, PC
112 W 11th St., Suite 100
Vancouver, WA 98660
Phone: (360) 906-1167
greg@greg-ferguson.com

Egbert, CO Fields, CO Hader, CO Hilligas, CO Hood, CO Marple, CO Marvitz, CO McNett, and CO Sardo inflicted punishment on pre-trial detainee in violation of the Fourteenth Amendment to the United States Constitution.

70.     As described above, defendants' conduct was oppressive, unreasonable and in reckless disregard of plaintiffs' well-established constitutional rights.

71.     As described above and at least in part, one or more of the official policies, practices and/or customs of Clark County and its respective officials, including Sheriff Atkins and Chief Bishop, were a cause of the deliberate indifference to Lynch's serious medical condition, the failure to provide treatment for Lynch's serious medical condition, and the infliction of punishment, and were a cause of his death, in violation of the Fourteenth Amendment to the United States Constitution.

72.     The ratification of the conduct of their employees and those they supervised, as described above, renders Clark County, Sheriff Atkins and Chief Bishop liable for violation of the Fourteenth Amendment described herein.

73.     As a direct and proximate result of the above, Lynch suffered and endured severe emotional distress, and conscious, severe, physical and mental pain and suffering before he died, and his estate incurred funeral expenses and special damages from his death, for which his estate is entitled to compensatory damages against Clark County, Sheriff Atkins, Chief Bishop, Sgt. Jones, CO Clemenhagen, CO Dove, CO Egbert, CO Fields, CO Hader, CO Hilligas, CO Hood, CO Marple, CO Marvitz, CO McNett, and CO Sardo in amounts to be determined at trial.

74.     As a direct and proximate result of the above, Kim Lynch and Patricia Nevins were deprived of the right of society and companionship of their son, for which they are entitled to compensatory damages against Clark County, Sheriff Atkins, Chief Bishop, Sgt. Jones, CO

Baumgartner, Nelson &
Wagner, PLLC
112 W 11th St., Ste. 150
Vancouver, WA 98660
Phone: (360) 694-4344
wnelson@bnw-law.com

Green and Ritchie, PLLC
1601 Lincoln Ave.
Vancouver, WA 98660
Phone: (360)-694-8718
jack@greenandritchie.com

Law Offices Of
Gregory D. Ferguson, PC
112 W 11th St., Suite 100
Vancouver, WA 98660
Phone: (360) 906-1167
greg@greg-ferguson.com

Clemenhagen, CO Dove, CO Egbert, CO Fields, CO Hader, CO Hilligas, CO Hood, CO Marple, CO Marvitz, CO McNett, and CO Sardo, in amounts to be determined at trial.

75.     As a result of the above, plaintiffs are entitled to an award of punitive damages against defendants Clark County, Sheriff Atkins, Chief Bishop, Sgt. Jones, CO Clemenhagen, CO Dove, CO Egbert, CO Fields, CO Hader, CO Hilligas, CO Hood, CO Marple, CO Marvitz, CO McNett, and CO Sardo in amounts to be determined at trial.

76.     Pursuant to 42 USC § 1988, plaintiffs are entitled to an award of costs, attorney fees and expenses against all defendants named herein.

## FOURTH CLAIM FOR RELIEF - Section 1983

## 14th Amendment - Unreasonable Conduct and/or Conduct So Arbitrary It Shocks the Conscience

77.     As described above, Sgt. Jones, CO Clemenhagen, CO Dove, CO Egbert, CO Fields, CO Hader, CO Hilligas, CO Hood, CO Marple, CO Marvitz, CO McNett, and CO Sardo violated plaintiffs' Fourteenth Amendment rights because their conduct was unreasonable and/or so arbitrary it shocks the conscience.

78.     As described above, defendants' conduct was deliberately indifferent to and/or in reckless disregard of plaintiffs' well-established constitutional rights.

79.     As described above and at least in part, one or more of the official policies, practices and/or customs of Clark County and its respective officials, including Sheriff Atkins and Chief Bishop, caused or otherwise make them liable for violating Mr. Lynch's rights under the Fourteenth Amendment to the United States Constitution.

80.     The ratification of the conduct of their employees and those they supervised, as

COMPLAINT-26

Baumgartner, Nelson & Wagner, PLLC
112 W 11th St., Ste. 150
Vancouver, WA 98660
Phone: (360) 694-4344
wnelson@bnw-law.com

Green and Ritchie, PLLC
1601 Lincoln Ave.
Vancouver, WA 98660
Phone: (360)-694-8718
jack@greenandritchie.com

Law Offices Of
Gregory D. Ferguson, PC
112 W 11th St., Suite 100
Vancouver, WA 98660
Phone: (360) 906-1167
greg@greg-ferguson.com

described above, renders Clark County, Sheriff Atkins, and Chief Deputy Bishop liable for violation of rights protected by the Fourteenth Amendment described herein.

81.    As a direct and proximate result of the above, Mr. Lynch suffered and endured severe emotional distress, and conscious, severe, physical and mental pain and suffering before he died, and his estate incurred funeral expenses and special damages from his death, for which his estate is entitled to compensatory damages against Clark County, Sheriff Atkins, Chief Bishop, Sgt. Jones, CO Clemenhagen, CO Dove, CO Egbert, CO Fields, CO Hader, CO Hilligas, CO Hood, CO Marple, CO Marvitz, CO McNett, and CO Sardo in amounts to be determined at trial.

82.    As a direct and proximate result of the above, Kim Lynch and Patricia Nevins were deprived of the right of society and companionship of their son, for which they are entitled to compensatory damages against Clark County, Sheriff Atkins, Chief Bishop, Sgt. Jones, CO Clemenhagen, CO Dove, CO Egbert, CO Fields, Co Hader, CO Hilligas, CO Hood, CO Marple, CO Marvitz, CO McNett, and CO Sardo, in amounts to be determined at trial.

83.    As a result of the above, plaintiffs are entitled to an award of punitive damages against Clark County, Sheriff Atkins, Chief Bishop, Sgt. Jones, CO Clemenhagen, CO Dove, CO Egbert, CO Fields, Co Hader, CO Hilligas, CO Hood, CO Marple, CO Marvitz, CO McNett, and CO Sardo in amounts to be determined at trial.

84.    Pursuant to 42 USC § 1988, plaintiffs are entitled to an award of costs, attorney fees and expenses against all defendants named herein.

### FIFTH CLAIM FOR RELIEF Section 1983

### 14th Amendment - Deprivation of Right to Equal Protection

Baumgartner, Nelson &
Wagner, PLLC
112 W 11th St., Ste. 150
Vancouver, WA 98660
Phone: (360) 694-4344
wnelson@bnw-law.com

Green and Ritchie, PLLC
1601 Lincoln Ave.
Vancouver, WA 98660
Phone: (360)-694-8718
jack@greenandritchie.com

Law Offices Of
Gregory D. Ferguson, PC
112 W 11th St., Suite 100
Vancouver, WA 98660
Phone: (360) 906-1167
greg@greg-ferguson.com

85.     As described above, Sgt. Jones, CO Clemenhagen, CO Dove, CO Egbert, CO Fields, CO Hader, CO Hilligas, CO Hood, CO Marple, CO Marvitz, CO McNett, and CO Sardo violated Mr. Lynch's Fourteenth Amendment rights to equal protection because they discriminated against Mr. Lynch because he was suffering from apparent psychological distress, episodic mental illness, drug addiction, or was otherwise perceived to be mentally ill.

86.     As described above, defendants' have acted with deliberate indifference to plaintiffs' well-established constitutional rights.

87.     One or more of the official policies, practices and/or customs of Clark County and its respective officials, including Sheriff Atkins and Chief Bishop, caused or otherwise make them liable for violating Mr. Lynch's rights under the Fourteenth Amendment to the United States Constitution.

88.     The ratification of the conduct of their employees and those they supervised, as described above, renders Clark County, Sheriff Atkins, and Chief Bishop liable for violation of rights protected by the Fourteenth Amendment described herein.

89.     As a direct and proximate result of the above, Mr. Lynch suffered and endured severe emotional distress, and conscious, severe, physical and mental pain and suffering before he died, and his estate incurred funeral expenses and special damages from his death, for which his estate is entitled to compensatory damages against Clark County, Sheriff Atkins, Chief Bishop, Sgt. Jones, CO Clemenhagen, CO Dove, CO Egbert, CO Fields, CO Hader, CO Hilligas, CO Hood, CO Marple, CO Marvitz, CO McNett, and CO Sardo in amounts to be determined at trial.

90.     As a result of the above, Kim Lynch and Patricia Nevins were deprived of the right of society and companionship of their son, for which they are entitled to compensatory

COMPLAINT-28

Baumgartner, Nelson &
Wagner, PLLC
112 W 11ᵗʰ St., Ste. 150
Vancouver, WA 98660
Phone: (360) 694-4344
wnelson@bnw-law.com

Green and Ritchie, PLLC
1601 Lincoln Ave.
Vancouver, WA 98660
Phone: (360)-694-8718
jack@greenandritchie.com

Law Offices Of
Gregory D. Ferguson, PC
112 W 11th St., Suite 100
Vancouver, WA 98660
Phone: (360) 906-1167
greg@greg-ferguson.com

damages against Clark County, Sheriff Atkins, Chief Bishop, Sgt. Jones, CO Clemenhagen, CO Dove, CO Egbert, CO Fields, CO Hader, CO Hilligas, CO Hood, CO Marple, CO Marvitz, CO McNett, and CO Sardo, in amounts to be determined at trial.

91.    As a result of the above, plaintiff is entitled to an award of punitive damages against defendants Clark County, Sheriff Atkins, Chief Bishop, Sgt. Jones, CO Clemenhagen, CO Dove, CO Egbert, CO Fields, CO Hader, CO Hilligas, CO Hood, CO Marple, CO Marvitz, CO McNett, and CO Sardo in amounts to be determined at trial.

92.    Pursuant to 42 USC § 1988, plaintiffs are entitled to an award of costs, attorney fees and expenses against all defendants named herein.

## V.  **RESERVATION OF RIGHTS**

Plaintiffs reserve the right to amend their complaint to add additional allegations, defendants and causes of action as discovery progresses and more information is obtained.

## VI.  **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request the following relief:

1.    Compensatory damages jointly and severally against all defendants in amounts to be determined at trial.

2.    Punitive damages against Sheriff Atkins, Chief Bishop, Sgt. Jones, CO Clemenhagen, CO Dove, CO Egbert, CO Fields, CO Hader, CO Hilligas, CO Hood, CO Marple, CO Marvitz, CO McNett, and CO Sardo in amounts to be determined at trial.

3.    An award of costs, expert fees and reasonable attorney fees against all defendants as provided by law; and

/ / /

/ / /

COMPLAINT-29

Baumgartner, Nelson & Wagner, PLLC
112 W 11th St., Ste. 150
Vancouver, WA 98660
Phone: (360) 694-4344
wnelson@bnw-law.com

Green and Ritchie, PLLC
1601 Lincoln Ave.
Vancouver, WA 98660
Phone: (360)-694-8718
jack@greenandritchie.com

Law Offices Of
Gregory D. Ferguson, PC
112 W 11th St., Suite 100
Vancouver, WA 98660
Phone: (360) 906-1167
greg@greg-ferguson.com

4.     For such other and further relief as the Court deems just and equitable.

DATED: _____ March, 2018

_____
GREGORY D. FERGUSON, WSBA No. 21866

_____
JOHN ("JACK") L. GREEN WSBA No.   35483

_____
WILLIAM F. NELSON, WSBA No. 1013
Attorneys for Plaintiffs

COMPLAINT-30

Baumgartner, Nelson &
Wagner, PLLC
112 W 11ᵗʰ St., Ste. 150
Vancouver, WA 98660
Phone: (360) 694-4344
wnelson@bnw-law.com

Green and Ritchie, PLLC
1601 Lincoln Ave.
Vancouver, WA 98660
Phone: (360)-694-8718
jack@greenandritchie.com

Law Offices Of
Gregory D. Ferguson, PC
112 W 11th St., Suite 100
Vancouver, WA 98660
Phone: (360) 906-1167
greg@greg-ferguson.com