UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KIM LYNCH, et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>CLARK COUNTY WASHINGTON, et al.,<br><br>        Defendants. | CASE NO. C18-5199 RBL<br><br>ORDER |

THIS MATTER is before the Court on the Defendants' Motion for Judgment on the Pleadings [Dkt. # 12]. Mycheal Lynch died while he was a pre-trial detainee[1] at the Clark County jail. His Estate and his parents (father Kim Lynch (the Estate's personal representative) and mother Patricia Nevins) sued. They claim Mycheal was mentally ill and that the County and its employees violated a variety of his (and their) constitutional rights in the way the cared for him (and failed to do so) at the jail. The Estate and the Parents assert five § 1983 constitutional claims, all based on "Fourteenth Amendment Due Process violations":

•Excessive Force [First Claim for Relief];

---

[1] Mycheal was arrested for drunk driving and leaving the scene of an accident.

- Unreasonable Denial of Medical Care [Second];
- Punishment of Detainee [Third]
- Unreasonable Conduct and/or Conduct so Arbitrary it Shocks the Conscience [Fourth];
- Deprivation of Rights to Equal Protection. [Fifth]. *See* Complaint, Dkt. # 1.

The Estate and the Parents sued Clark County, Sheriff Atkins, Chief Bishop, Sgt. Jones and eleven "COs" (Custody Officers)[2] allegedly involved in Mycheal's detention, care, and death. It appears that each plaintiff asserts each claim against each defendant. Interspersed in each claim are references to "official policies, practices and/or customs" of Clark County and its officials, and the "ratification" of various conduct.

The Defendants claim that the Complaint reflects a "scattergun" approach and that plaintiffs' pleading structure is "illogical." They argue that some of the claims are redundant, and others are not available to the Estate, or to the Parents. They ask the Court to pare down redundant and inapplicable claims, effectively matching viable claims to the correct Plaintiff(s) and Defendant(s). They also seek dismissal of claims they argue the Plaintiffs cannot prove.

Specifically, they argue:

(1) Plaintiffs' Fourteenth Amendment Excessive Force and Denial of Medical Care claims are personal to the decedent, and to the extent the Parents assert those claims, the Parents' claims should be dismissed.

(2) The Parents can assert only a Fourteenth Amendment Deliberate Indifference, "shocks the conscience" claim; again, any other parental claim should be dismissed.

---

[2] Defendants read the complaint as naming the County, two administrators, and twelve deputies. The Court presumes that Sgt. Jones is one of these twelve.

ORDER - 2

1    (3) Even the Estate cannot assert "punishment" and "shocks the conscience" claims because they are redundant to its Excessive Force and Denial of Medical Care claims.

(4) The Plaintiffs factually allege pre-use-of-force "mistakes" made by various defendants. Defendants argue the Plaintiffs seek to advance a "Provocation Rule claim," which the Defendants argue has been rejected. They argue that the "provocation rule" has "no place in a Fourteenth Amendment excessive Force case," and argue that the listed facts "cannot be used" to prove Excessive Force. Defendants' Motion Dkt. # 12 at 7-8. Nevertheless, they do not seek dismissal of the excessive force (or any other) claim on this basis.

(5) Plaintiffs Equal Protection claim fails (on the *evidence*) because they "did not intend" to discriminate against Mycheal based on his mental illness. They claim the deputy's decision to move Mycheal had a "rational basis"—he was "disrupting her duties" by repeatedly pressing the emergency call button. They claim jailors have substantial discretion in such situations and that Mycheal has not shown he was "similarly situated" to some other class (because he has not identified others who repeatedly pressed the call button and were treated differently). And they claim that the Estate has "no evidence" of some underlying actionable conduct.

(6) Plaintiffs' *Monell* ratification claim is unsupportable, because it alleges only that the County failed to discipline those who participated in Mycheal's death.

Dismissal under Fed. R. Civ. P. 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Id*. Although the court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper 12(b)(6) motion to dismiss. *Vazquez v. Los Angeles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 556 U.S. at 678 (citing *id.*).

Although *Iqbal* establishes the standard for deciding a Rule 12(b)(6) motion, Rule 12(c) is "functionally identical" to Rule 12(b)(6) and that "the same standard of review" applies to motions brought under either rule. *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 647 F.3d 1047 (9th Cir. 2011), *citing Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir.1989); *see also Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (applying *Iqbal* to a Rule 12(c) motion).

On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

The Plaintiffs'[3] Response misses the point of at least part of the motion. The Parents focus on the viability of their "shocks the conscience" claim, which the Defendants' Motion does not challenge. They also claim that the fact the Defendants' conduct shocks the conscience does not mean it is not excessive force. True enough. But the Defendants' argument is that only the Estate can assert a claim for excessive force (or the denial of medical care); the Parents cannot assert those claims on their son's behalf. Defendants do not claim that the same facts cannot support both claims; they can. They simply argue that one set of claims belong to the Estate, and the other set belongs to the Parents. The Plaintiffs are correct that the Estate has plausibly pled excessive force and denial of medical care claims, and that the Parents have plausibly pled a "shocks the conscience" claim. The former are personal to the decedent. The Motion for Judgment on the Pleadings as to the Parents' Excessive Force and Denial of Medical care claims is **GRANTED**, and those claims are **DISMISSED**.

The Estate's response to the argument that its "punishment" and "shocks the conscience" claims are redundant focuses on the perceived distinction between the (more typical) Fourth and (its) Fourteenth Amendment claims. But both are based on *Graham v. Connor*, 490 U.S. 386 (1980). The Estate cites no cases supporting its claim that a plaintiff can assert both an excessive force claim and "punishment"[4] claim based on the same conduct. The same is true of the Estate's "shocks the conscience" claim. These claims are redundant to the Estate's core claims. The

---

[3] This Order endeavors to differentiate between the plaintiff Parents and the plaintiff Estate, wherever there is a distinction among them. Uniformly referring to them all as "plaintiffs" where they have different interests, rights, and claims is unnecessarily vague and confusing.

[4] It is at least theoretically true that a plaintiff could assert a plausible "punishment" claim based on facts that would not support an excessive force claim. But where, as here, the facts alleged *do* support an excessive force claim, it is redundant to assert both claims.

1 Motion for Judgment on the Pleadings as to the Estate's two redundant claims (punishment and
2 shocks the conscience) is **GRANTED**, and those claims are **DISMISSED**.

3 Plaintiffs' (collective) claim that they do not assert a "provocation rule" claim, and that
4 there is no such claim to dismiss, is correct. The gist of the Motion is that *some* of the facts
5 alleged in the Complaint do not support the excessive force claim—Defendants' Reply asks the
6 Court to "prevent the plaintiffs from alleging" "minor" pre-use-of-force facts. This is not a
7 judgment on the pleadings argument. This is particularly true where, as here, the moving party
8 does not in fact seek dismissal of the excessive force claim. The relevance of the facts alleged
9 will be addressed at trial. The Defendants' Motion for Judgment on the Pleadings as to the
10 "provocation rule" is **DENIED**.

11 Plaintiffs argue that they (actually, the Estate) have plausibly pled an Equal Protection
12 claim. While it is not the strongest claim in the Complaint, the Motion is based on what the
13 Defendants seem to claim is an evidentiary deficit, not a pleading one. They claim that there was
14 no equal protection violation as a matter of law—because the CO "did not intend" to violate
15 Mycheal's rights. Properly raised and supported, this is a factual defense. It does not challenge
16 the sufficiency of the *pleading* and is not a valid basis for a Motion for Judgment on the
17 Pleadings.

18 Equally unavailing is the claim that the class against which the defendants' treatment of
19 Mycheal must be measured is "other mentally ill detainees who repeatedly pushed the alarm
20 button." Defendants have provided no support (and the Court is aware of none) for the notion
21 that an equal protection claim must be measured against others in a *literally identical* factual
22 situation. The Motion for Judgment on the Pleadings on the Estate's Equal Protection Claim is
23 **DENIED**.

24

Finally, Plaintiffs argue that their *Monell* ratification claim is based on more than the fact the officers involved were not disciplined, but instead on the whole context of the facts surrounding the County's investigation and public announcement that the force used was not excessive. They also morph this argument into their other *Monell* claim, based on the County's polies, practices, and customs regarding the handling of mentally ill pre-trial detainees. These are separate ways to state a *Monell* claim. At this pleading stage, the Plaintiffs have plausibly pled each. The Defendants'Motion for Judgment on the Pleadings on the Plaintiffs' *Monell* ratification claim is **DENIED**.

IT IS SO ORDERED.

Dated this 1st day of October, 2018.

Ronald B. Leighton (as auth/dn)
United States District Judge